**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAMALDEEP KAUR SANDHU, | No.   15-73032 |
| Petitioner, | Agency No. A075-695-238 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Kamaldeep Kaur Sandhu, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Lin v. Holder*, 588 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

981, 984 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Sandhu's motion to reopen as untimely, where the motion was filed eight years after her final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and she did not demonstrate the due diligence necessary for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances). Sandhu's contentions regarding *Toor v. Lynch*, 789 F.3d 1055 (9th Cir. 2015), are unavailing.

We reject Sandhu's contentions that the BIA failed to consider evidence and arguments presented in her motion, or insufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must "merely . . . announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

We do not consider the new evidence referenced in Sandhu's opening brief regarding a FOIA request. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited

to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

We lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)  ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").  Sandhu has waived her contention that the BIA failed to address her contention that a change in law warranted sua sponte reopening.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

In light of our disposition, we do not reach Sandhu's remaining contentions regarding the alleged ineffective assistance of prior counsel, her compliance with requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or her eligibility for relief.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part**.